UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80712-Civ-Ryskamp/Vitunac

DANIEL WEISS, M.D.,

    Plaintiff,

v.

STANDARD INSURANCE COMPANY,

    Defendant.
_____/



## ORDER AND
## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Order of Reference (DE 20), dated June 23, 2009, from United States District Judge Kenneth L. Ryskamp "for the purpose of conducting a telephonic status conference and issuing a ruling on the discovery dispute" as set forth in Plaintiff's Motion to Set Status Conference (DE 18) and Defendant's Response (DE 19, 21). This Court held a telephonic status conference on June 24, 2009. This matter is ripe for review.

### PARTIES' CONTENTIONS

Plaintiff seeks court intervention to resolve a discovery dispute over six depositions that Defendant contends were invalidly noticed under Local Rule 26.1(J). Five of the desired deponents are employees of Defendant. The sixth desired deponent, Dr. Elias Dickerman, is an independent medical consultant retained by Defendant in connection with the disability claim at issue in this case.

After receiving a one month extension of time to complete discovery, Plaintiff noticed the six depositions at issue on June 18, 2009. The next day, June 19, 2009, Plaintiff served amended notices of depositions to include requests for documents. Pursuant to these notices, all of the depositions were to take place in Portland, Oregon on June 29-30, 2009. The discovery cut-off in this case is June 30, 2009.

Defendant argues that the notices, which provided seven to eight working days' notice of the depositions, violate Local Rule 26.1(J)'s requirement of ten working days' written notice of depositions. Defendant asserts that emails between the parties' counsel in early May 2009 resulted in agreed-upon dates of June 17-18 or June 24-25 for deposing the employees and medical consultant, but that Plaintiff unilaterally noticed the depositions for June 29-30 on impermissibly short notice and without explanation. Defendant argues that Plaintiff's amended deposition notices for Defendant's five employees, which include requests for Defendant's business records, improperly circumvent Rule 34's established process for requesting documentation from a party opponent, which provides the opposing party 30 days to respond. Additionally, Defendant asserts that despite advising Plaintiff's counsel that Dr. Dickerman had to be subpoenaed because he is not an employee of Defendant, Plaintiff never issued any such subpoena. Defendant adds that any further discovery by Plaintiff would require a second extension of the discovery period and that Plaintiff is unable to show good cause for any such extension given Plaintiff's dilatory conduct in seeking discovery in this case.

At the hearing, Plaintiff's counsel candidly admitted that he never served a subpoena on Dr. Dickerman. He also admitted that he waited until the end of the scheduled discovery period to notice the depositions at issue. Plaintiff argued, however, that there would be no undue prejudice to Defendant to allow him to proceed with the noticed depositions. Defendant countered that, as stated in its written opposition, Plaintiff's non-compliance with the Local Rules renders his deposition notices facially invalid. Defendant stated that despite emails among the parties' counsel setting forth agreed-upon deposition dates, Plaintiff unilaterally chose to notice the depositions for other, later dates. As such, Defendant contends that Plaintiff cannot now be heard to complain about the

unavailability of the desired deponents prior to the discovery cut-off in this case.

## DISCUSSION

District courts are entitled to broad discretion and authority in controlling and managing pretrial discovery matters to ensure that cases move to a reasonably timely and orderly conclusion. Perez v. Miami-Dade County, 297 F.3d 1255, 1263 (11th Cir. 2002); Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir.1993). The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. See United States v. Proctor & Gamble Co., 356 U.S. 677, 682 (1958); see also Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352 (1978) (discovery "is designed to help define and clarify the issues"). The scope of discovery under Rule 26(b) is broad and the Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." Farnsworth v. Procter and Gamble Co., 758 F.2d 1545, 1547 (11th Cir.1985).

After giving both parties a full opportunity to be heard, this Court concludes that Plaintiff has been less than diligent in properly completing discovery in this case. Plaintiff candidly concedes to not having issued any subpoena to Dr. Dickerman as required. Additionally, Plaintiff offers no satisfactory explanation as to why he chose to unilaterally notice the depositions for dates other than those that were agreed to by the parties in their earlier email correspondence. The Court is troubled by Plaintiff's apparent lack of effort to confer and communicate with Defendant in a good faith effort to complete discovery in a timely fashion and pursuant to the agreement reached by counsel in the series of emails attached to Defendant's Response. Indeed, under Local Rule 7.1(A)(3), Plaintiff's failure to include a statement certifying its efforts to confer with opposing counsel in its Motion

alone constitutes grounds for denying Plaintiff's Motion.

On the other hand, the Court is equally troubled by Defendant's failure to articulate why or whether the six desired deponents are unavailable for deposition on June 29-30. Defendant's written Response devotes most of its argument to addressing Plaintiff's non-compliance with the procedural notice requirements of Local Rule 26.1(J),[1] but is silent on whether the deponents are unavailable and, if so, the reasons therefore. Upon inquiry by the Court at the hearing, Defendant stated simply that the deponents were "unavailable" with no further explanation. Further, despite repeated requests by the Court, Defendant declined to recommend any other proposed dates for deposition in the next few weeks. While Defendant suggests it would be prejudiced by any further extension of time to complete discovery, such suggestion is at odds with the motion to extend discovery (DE 16), which Defendant joined, representing to the Court that "the parties have been diligently working to schedule discovery" but "due to the extensive amount of medical and non-medical documentation and witnesses discovered in this litigation, the complexity of the facts and issues discovered in this matter, the parties' inability to depose witnesses pursuant to the Scheduling Order as currently composed, and the out of state locations of many of the witnesses," the parties requested an extension of the discovery deadline through July 10, 2009.

While this Court is concerned with enforcing the civil procedure rules and the June 30, 2009 discovery cut-off imposed by the District Court's Scheduling Order, this Court has an overriding concern, consistent with the letter and spirit of the Federal Rules, with ensuring a just determination in this case. Trial by ambush does not advance that cause. This case involves a one count Complaint

---

[1] Local Rule 26.1(J) provides that "[u]nless otherwise stipulated by all interested parties,...a party desiring to take the deposition in another State of any person upon oral examination shall give at least ten working days' notice in writing to every other party to the action and the deponent (if the deposition is not of a party)."

(DE 1) filed by Plaintiff, alleging that Defendant breached its contractual obligations when it denied Plaintiff's claim for disability benefits arising from a long-term disability insurance policy issued to Plaintiff. As such, it appears clear that the six desired deponents, five employees and one medical expert, are significant witnesses in this case. It is clear that Plaintiff failed to comply with the procedural requirements of the Federal and Local Rules of civil procedure. However, after balancing the equities involved, as a practical matter, and in the interest of furthering full and fair discovery in this case, this Court finds good cause exists to recommend an extension of the discovery period in this case for the limited purpose of permitting Plaintiff to properly notice and conduct the discovery depositions at issue. Of course, as noted by this Court at the hearing, the District Court will be free to exclude witness deposition testimony at trial as a sanction for Plaintiff's violations of the Federal and Local Rules governing civil discovery if the District Court concludes such exclusion is warranted and appropriate.

After careful consideration of the parties' arguments and the record in this case, the Court finds that there is no interminable prejudice to be had in extending discovery through July 14, 2009 for the limited purpose of allowing Plaintiff to properly notice and conduct the six depositions, especially considering that both parties originally joined in a motion seeking to extend discovery through an agreed-upon date of July 10, 2009, before the District Court entered its Order extending discovery through June 30, 2009.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that

(1) Plaintiff's Motion to Set Status Conference (DE 18)[2] is GRANTED. A status conference was held on June 24, 2009.

---

[2] The Court declines to treat Plaintiff's Motion as a motion to compel as urged by Defendant.

(2) Plaintiff shall serve Defendant's counsel with second amended notices of taking depositions of Defendant's five employees in compliance with the Federal Rules of Civil Procedure and Local Rules of this Court by 5:00 p.m. on June 26, 2009. In the second amended notices, Plaintiff shall not seek any documents other than those listed on Exhibit A of the first amended notices attached to Plaintiff's Motion.[3] Dr. Elias Dickerman with a proper subpoena that complies with the applicable Federal Rules of Civil Procedure and Local Rules of this Court and compensate him in advance for his time by 5:00 p.m. on June 26, 2009. Plaintiff shall file a notice of compliance with these orders by 5:00 p.m. on June 26, 2009.

(3) Both parties shall confer in good faith to complete the six depositions at issue on or before July 14, 2009.

(4) No party shall be awarded any fees or costs associated with the instant Motion.

Furthermore, this Court RECOMMENDS that the District Court modify the Scheduling Order (DE 10) in this case by extending the discovery deadline to Tuesday, July 14, 2009, which is two business days beyond the agreed upon date set forth in the parties' joint motion to modify scheduling order (DE 16). Such extension would be for the sole, limited purpose of allowing Plaintiff to appropriately notice the six depositions at issue. Such extension shall not interfere with

---

[3] Although the issue was not raised at the hearing, Defendant's written response argues that Plaintiff's first amended deposition notices for Defendant's five employees improperly attempt to discover business records belonging to Defendant in violation of Rule 34's provision allowing 30 days for a response. Rule 34(b)(2)(A) requires a party to respond in writing to document requests by the opposing party within 30 days after being served. This time may be shortened by court order. In the first amended deposition notices to Defendant's five employees, Plaintiff requests the employees bring a number of documents, including "[a]ny and all non-privileged correspondence, notes, e-mails, recordings...and any other documents and/or media in any way referring or relating to" Plaintiff. For reasons already stated, the Court will not preclude Plaintiff from requiring Defendant's employees to produce the documents designated in the first amended notices, but Plaintiff shall not be entitled to any additional document requests in this regard.

any of the other deadlines set forth in the District Court's Scheduling Order.[4]

## NOTICE OF RIGHT TO OBJECT

Generally, parties are given ten (10) days after service of a magistrate's report to file written objections. 28 U.S.C. § 636(b)(1)(C). However, that time period may be shortened where exigencies exist. See Hispanic Counseling Ctr., Inc. v. Incorporated Vill. of Hempstead, 237 F.Supp.2d 284, 290 (E.D.N.Y.2002); United States v. Barney, 568 F.2d 134, 136 (9th Cir.1978) (exigency may warrant requiring objections in fewer than ten days). The discovery period in this case presently expires on June 30, 2009 and the issues raised by this recommendation are not complicated nor would they require substantive briefing by the parties. Thus, a party shall serve and file written objections, if any, to this Court's Report and Recommendation with the Honorable United States District Judge Kenneth L. Ryskamp, by 5:00 p.m. on June 26, 2009. Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. See United States v. Warren, 687 F.2d 347, 348 (11th Cir.1982), cert. denied, 460 U.S. 1087 (1983).

DONE and ORDERED in Chambers at West Palm Beach Florida, this 25th day of June, 2009.

_____
LINNEA R. JOHNSON
United States Magistrate Judge

Copies to:
Honorable Kenneth L. Ryskamp
All counsel of record

---

[4] This Court is mindful of the Scheduling Order's July 17, 2009 deadline for filing all pretrial motions and memoranda of law. Even though this Court recommends extending the discovery period through July 15, 2009, this Court sees no reason to extend the pretrial motions deadline. By their own admission, the parties have exchanged an extensive amount of written discovery (medical and non-medical documentation). As such, this Court concludes that the parties have ample materials and time to begin framing their pretrial motions and to comply with the existing pretrial motions deadline.